**Gordon L. HOLSCLAW, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 478S66.

Supreme Court of Indiana.

Jan. 29, 1979.

Harriette Bailey Conn, Public Defender, Susan K. Carpenter, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Elmer Lloyd Whitmer, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) is before this Court appealing the denial of his petition for post conviction relief under Post Conviction Remedy Rule 1, with respect to his sentencing on November 24, 1976, upon a guilty plea entered on October 26, 1976, with respect to two charges filed February 11, 1976, for offenses committed November 24 and December 8, 1975. He was sentenced to the Indiana Department of Corrections for a period of twelve (12) years on each count, the sentences to run concurrently. He presents the following issues for our review:

(1) Whether the court erred in holding that the petitioner's guilty pleas were voluntarily and intelligently entered.

(2) Whether the sentence imposed for unlawful dealing in marijuana was excessive.

\* \* \*

### ISSUE I

The petitioner was originally charged in a three count indictment with unlawful dealing in marijuana, unlawful dealing in a controlled substance and with being an habitual offender. Four days prior to the start of his trial, the petitioner was presented with a plea offer whereby he would plead guilty to the two counts of unlawful dealing, in exchange for the dismissal of the habitual criminality count. In view of the life sentence provision of the habitual criminal statute, the petitioner advised his retained counsel that he desired to obtain the opinion of a second attorney as to whether or not to accept the offer, but at no time did he express any dissatisfaction with the representation that he had been receiving.

On the morning that the trial was scheduled to begin, the attorney orally moved for a continuance, in order to enable the petitioner to retain additional counsel. The

motion was denied. Petitioner was then given the opportunity to and did discuss the proposed bargain further with his counsel, after which time he withdrew his plea of not guilty and entered a plea of guilty, according to the terms of the agreement.

The petitioner, by his post conviction petition sought to set aside his guilty plea, as involuntary, in that it was made in reliance upon his counsel's erroneous advice that the supposed error of the trial court, in denying the motion for a continuance, would be reviewable, notwithstanding the guilty plea.

 In a post conviction hearing, the burden of proof rests with the petitioner to establish his grounds for relief by a preponderance of the evidence. Post Conviction Remedy Rule 1, § 5. The trial judge is the sole judge of the credibility of the witnesses and the weight of the evidence. His determination will be set aside only where it can be shown that the evidence is without conflict and leads unerringly to a result other than that reached by the trial court. *Carroll v. State,* (1976) Ind., 355 N.E.2d 408.

 Petitioner's trial attorney testified at the post conviction hearing with regard to the circumstances surrounding the entry of the plea. The following exchange took place.

"Q. What advice did you give him regarding the denial of that motion for continuance?

"A. I told him that the trial judge had said that the trial would not be continued, that he would accept the plea bargain agreement which had been proposed or the case would go to trial that morning. I told him, I said, 'Based on the fact that you face life imprisonment if you go on trial and you lose,' I said, 'you have to seriously consider the consequences of—of going to trial.' I said, 'It's your decision. I wouldn't —not want to sway you one way or the other. I think it should be your decision. I can advise you that I think if you go to trial that we have raised the defenses in pre-trial motions that would be applicable to trial.' And I said — he had served time on four previous occasions, and I said "to be convicted of an habitual criminal they introduce your record.' And I said, 'It's very hard to defend that type of case.' I said, 'If you want to go to trial, we're certainly prepared to go and we would do so . . .'

"Q. Did you advise Mr. Holsclaw that you felt the denial of the motion for continuance was error?

"A. I said I didn't think it was fair. I said, 'This is the first time you had asked to continue the trial.' I said, 'You're doing it because You've— you have a legitimate reason for doing it.' And I said, 'I think the trial judge should have granted your motion for continuance and I think it was wrong that he didn't.'

"Q. Did you advise Mr. Holsclaw of what remedies were available to him subsequent to the entry of the guilty plea for reviewing that plea?

"A. He asked me, 'Well, isn't there anything I can do about this?' And I said, 'If you enter a plea of guilty, any defenses you have as to the entrapment issue and this so forth you would waive.' But I said, 'As to the fact that you don't think its right that the judge granted—denied your motion for continuance,' that he was put in a position of either pleading or accepting it at that time, I said, 'there are remedies provided by law which you can question this if that's what you feel.' "

When asked at the post conviction hearing what advice had been given to him by his attorney, petitioner stated:

"A. He figured that we could come back on postconviction remedies or whatever and I'd have a chance through the Court to re-correct that error."

Petitioner further testified at the hearing that he elected to accept the plea agreement rather than to risk the consequences

of going to trial upon the charge of habitual criminality.

Petitioner relies upon the case of *United States ex rel. Healey v. Cannon, Warden,* (7th Cir. 1977) 553 F.2d 1052, wherein the decision of the District Court vacating Healey's guilty plea previously entered in the state trial court was affirmed. The court concluded that his plea had not been intelligently and voluntarily given because it was found that he had relied upon erroneous advice of his counsel regarding his feasible options. The erroneous advice there given was, in essence, the same as that which the petitioner here alleges his counsel gave to him, i. e. that the guilty plea would not waive the right of appeal as to prior errors. The case before us, however, is readily distinguishable from the *Healey* case. In that case it was clear that Healey had relied upon counsel's grossly erroneous advice. His plea was given toward the close of the trial and following two adverse rulings by the trial judge which were crucial to the defense. These rulings would have formed the basis for appellate review and were the subject of counsel's mis-advice. Three times during the conference that lead to the guilty plea, counsel assured Healey and his father that, notwithstanding a guilty plea, these supposed erroneous rulings, which they knew to be critical and appealable, were sufficiently preserved for appeal.

In the case before us, it does not appear that the petitioner's decision would have been different had he been properly advised. Petitioner was on bail, and the grant of his requested continuance would have continued his temporary liberty. He had the requisite prior record, hence conviction upon the habitual criminal charge was but a formality if he were found guilty upon either of the "dealing" charges. The State's evidence against him upon those charges was formidable. He expressed no dissatisfaction with his counsel, at the time he moved for the continuance, but only said that he wanted a second opinion. Additionally, he acknowledged that he did not then have the funds necessary to employ the additional lawyer.

Secondly, in the *Healey* case, it was clear that the advice was incorrect and had not been merely misinterpreted. In the case before us such is not so clear. Although the attorney's testimony could be interpreted as assuring that the court's denial of a continuance would remain subject to review, notwithstanding a guilty plea, and although the petitioner testified that such was his understanding, the trial judge at the post conviction hearing was not bound to such conclusions.

The initial petition for relief did not assert the mis-advice of counsel as an element of an uninformed waiver. Rather, it charged the denial of the requested continuance, the failure to interrogate concerning waiver of the right to obtain other counsel and the filing of the habitual criminal charge, as a coercive tactic. Counsel's affidavit, filed with the petition, recited that the judge at the guilty plea hearing said "* * * the matter would not be continued, as per Hosclaw's request but that Hosclaw would either accept the plea bargain agreement or go to trial facing the charge of being a habitual criminal." In this context, the testimony of the attorney at the post conviction hearing quite reasonably could be interpreted as meaning that he had advised his client that, notwithstanding a guilty plea, he could subsequently raise the issue of whether or not the plea had been coerced; and this is precisely what has happened.

The petitioner failed to carry his burden of proving, by a preponderance of the evidence, either that his guilty plea was coerced, that his counsel had misadvised him, or that if so, he had relied upon such advice in making such plea.

## ISSUE II

Petitioner next contends that the sentence imposed upon his conviction of unlawful dealing in marijuana was excessive and erroneous in light of the later amelioration of the penalty for the same offense.

Petitioner was charged on February 11, 1976, with dealing in marijuana, under Ind. Code § 35–24.1–4.1–10 (Burns 1975) which

provided a penalty of a determinate term of imprisonment of not less than one (1) year nor more than twenty (20) years and a fine not to exceed two thousand ($2,000) upon conviction. He was sentenced on November 24, 1976, to determinate concurrent terms of twelve (12) years imprisonment. On October 1, 1977, Ind.Code § 35–48–4–10 (Burns Supp.1978) became effective, repealing the above mentioned "dealing" statute and providing that under the same circumstances, where the amount of marijuana involved is over thirty (30) grams, the defendant be sentenced for a determinate sentence of two (2) years with not more than two (2) years additional for aggravating circumstances. Petitioner contends that he is entitled to the benefits of the revised statute.

 The general rule with regard to situations such as the one with which we are here concerned, is that the law in effect at the time that the crime was committed is controlling. *Jackson v. State,* (1971) 257 Ind. 477, 275 N.E.2d 538. This rule is constitutionally required where a penalty is increased by a statute enacted after the commission of the offense. *Hicks v. State,* (1898) 150 Ind. 293, 50 N.E. 27. However, it appears that an exception to the general rule is recognized where the penalty is decreased by a statute enacted after the commission of the crime but prior to the defendant's trial and sentencing. Given that set of facts, the Court of Appeals in *Maynard v. State* (1977) Ind.App., 367 N.E.2d 5, held that Maynard should have been sentenced under the amended sentencing provision in force at the time of his trial and sentencing, rather than under the provision in effect at the time the offense was committed, since "to hold that the more severe penalty should apply would serve no purpose other than to satisfy a constitutionally impermissible desire for vindictive justice," quoting *Wolfe v. State,* (1977) Ind.App., 362 N.E.2d 188. Petitioner, however, was sentenced almost one year before the amended statute became effective and the *Maynard* case is not applicable.

 The entitlement to application of an ameliorative statute becoming effective subsequent to the date the crime was committed has been treated in more detail in *Watford v. State,* Ind., 384 N.E.2d 1030, handed down this day.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.