STATE of Indiana, Appellant,

v.

Clarence CROCKER and Willie Sims, Appellees.

No. 578S87.

Supreme Court of Indiana.

Feb. 27, 1979.

Theo. L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellant.

David T. Stutsman, Steven L. Tindal, Elkhart, Ed D. Lark, South Bend, for appellees.

HUNTER, Justice.

The defendants, Clarence Crocker and Willie Sims, were charged with several counts of unlawful dealing in marijuana, Ind.Code § 35–24.1–4.1–10 (Burns 1975), and unlawful dealing in a controlled schedule II substance, Ind.Code § 35–24.1–4.1–2 (Burns 1975). Pursuant to a plea bargain, Defendant Crocker pled not guilty to all but one count of unlawful dealing. He was sentenced to a determinate fifteen years in prison on June 27, 1977. The defendant, Sims, also pled not guilty to all counts except the lesser included offense of unlawful possession of an excess of thirty grams of marijuana. He was sentenced for a determinate period of ten years on June 27, 1977.

In December of 1977, the court modified both sentences by suspending seven years of Crocker's sentence and eight years of Sims's sentence pursuant to Ind.Code § 35–4.1–4–18 (Burns Supp.1978). The state objected to this modification of sentences and now appeals contending that it was error for the trial court to modify the sentences pursuant to the new criminal code since that code did not become effective until *after* the defendants were sentenced and it contains no provision for retroactive application.

It is clear that the law in effect at the time defendants were sentenced permitted the trial court to suspend the remainder of a sentence anytime within six months after the sentence was imposed. Ind.Code § 35–7–1–1 (Burns 1975); *Farmer v. State*, (1971) 257 Ind. 511, 275 N.E.2d 783; *Sutton v. State*, (1963) 244 Ind. 368, 191 N.E.2d 104. However, the old statute did not authorize the sentencing court to reduce a sentence as the new statute allows.

The trial court in the instant case first found that the new statute was ameliorative since it allows the court to reduce as well as suspend a sentence within six months of the date of the original sentence. The court further found that the ameliorative effect would apply to these defendants since the new statute went into effect within the six month period from their original sentences.

While it is true that an amended statute with ameliorative provisions has been applied to a defendant when it became effective prior to his trial and sentencing, *Maynard v. State*, (1977) Ind.App., 367 N.E.2d 5; *Wolfe v. State*, (1977) Ind.App., 362 N.E.2d 188, these cases have never been expanded to cover a situation where the statute has become effective after the trial and sentencing have taken place. This Court has clearly held in recent cases that when a defendant has been sentenced prior to the effective date of a statute which contains ameliorative provisions, the defendant may not take advantage of the ameliorative effect absent specific provisions for retroactive application. *Watford v. State*, (1978) Ind., 384 N.E.2d 1030 (1979); *Holsclaw v. State*, (1978) Ind., 384 N.E.2d 1026 (1979). *See also Fender v. Lash*, (1973) 261 Ind. 373, 304 N.E.2d 209.

The new statute relied upon in this case, Ind.Code § 35–4.1–4–18, has no provision for retroactive application. Therefore, since the defendants here were sentenced three months before the new code provision went into effect, the code provision which was in effect at the time of their sentencing must be applied. There was no authority under that provision for the court to suspend part of the defendants' sentences. Therefore, the court's modifications of these sentences were erroneous.

For all the foregoing reasons, the trial court's suspension of part of the defendants' sentences must be vacated and the case is remanded with instructions to reinstate the defendants' original sentences.

Cause remanded with instructions.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.