**Marvin D. TERRELL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–1178A295.**

Court of Appeals of Indiana, Third District.

May 29, 1979.

Harriette Bailey Conn, Public Defender, State of Indiana, K. Richard Payne, Sp. Asst., Indianapolis, for appellant.

Theo L. Sendak, Atty. Gen., Indianapolis, Richard C. Webster, Deputy Atty. Gen., Indianapolis, for Indiana.

STATON, Judge.

Marvin D. Terrell pled guilty to a first degree burglary offense which occurred on

March 12, 1976. On January 3, 1977, he was sentenced to the Indiana Department of Corrections for an indeterminate period of not less than ten (10) years nor more than twenty (20) years. Terrell filed a petition for post-conviction relief on January 31, 1978, which was denied after a hearing. Terrell appeals from that denial and raises the following issue for our review:

Did the trial court err when it refused to amend Terrell's sentence to conform with ameliorative provisions enacted after his sentencing?

We affirm the denial.

Terrell was sentenced pursuant to the provisions of IC 1971, 35–13–4–4(a) (Burns Code Ed.), the statute in effect when the crime was committed and when the sentencing occurred. The criminal code was subsequently revised, effective October 1, 1977, and 35–13–4–4(a) was repealed and replaced by Ind.Code Ann. § 35–43–2–1 (West 1978). Under the new penal code, Terrell's offense would be classified as a Class B felony.[1] Ind.Code Ann. § 35–50–2–5 (West 1978) fixes the term for imprisonment for a Class B felony at ten years, with not more than ten years added due to aggravating factors or not more than four years subtracted if mitigating circumstances exist.

Terrell contends that to require him to serve the indeterminate sentence would serve no other purpose than to satisfy constitutionally impermissible vindictive justice, citing Ind.Const. art. I, § 18.[2]

■ The general rule of sentencing is that the law in effect when the crime was committed is controlling. *Jackson v. State* (1971), 257 Ind. 477, 275 N.E.2d 538; *Dow-*

*dell v. State* (1975), Ind.App., 336 N.E.2d 699. An exception to that rule is recognized when the penalty is decreased by an ameliorative amendment enacted after the commission of a crime but prior to the defendant's trial and sentencing. *Maynard v. State* (1977), Ind.App., 367 N.E.2d 5. *See State v. Crocker* (1979), Ind., 385 N.E.2d 1143; *Holsclaw v. State* (1979), Ind., 384 N.E.2d 1026; *Jackson, supra*; *State v. Turner* (1978), Ind.App., 383 N.E.2d 428; *Wolfe v. State* (1977), Ind.App., 362 N.E.2d 188; *Dowdell v. State, supra*.

Our Supreme Court has declined to expand the scope of *Maynard* when a defendant has been sentenced *prior to* the effective date of a statute which contains ameliorative provisions. The Court has held that a defendant in such a situation may not take advantage of the ameliorative provisions absent specific legislative intent for retroactive application. *State v. Crocker* (1979), Ind., 385 N.E.2d 1143; *Watford v. State* (1979), Ind., 384 N.E.2d 1030; *Holsclaw v. State* (1979), Ind., 384 N.E.2d 1026.

The saving clause [3] of the legislative code revision does not provide for retroactive application of new penal sections to those sentenced prior to its enactment. *Rivera v. State* (1979), Ind.App., 385 N.E.2d 455. *Accord, Lewandowski v. State* (1979), Ind., 389 N.E.2d 706.

■■ Terrell was sentenced almost ten months before the new penal code was recognized as the law in Indiana. In Indiana, sentencing is final judgment, *Watford v. State, supra*. Terrell is not entitled to be sentenced under the new penal code.

■ The claim of constitutional infringement is without merit. In *State v. Turner*

1. All parties involved in the hearing and the appeal have erroneously assumed that the appropriate revised criminal provision is a Class C felony. Ind.Code Ann. § 35–43–2–1 (West 1978) explicitly provides that if the building broken into and entered is a dwelling the burglary is categorized as a Class B felony. Terrell burglarized a residence.

2. Ind.Const. art. I, § 18 provides:
   "Reformation as basis of penal code.—The penal code shall be founded on the principles of reformation, and not of vindictive justice."

3. Acts 1977, Pub.L.No. 340, § 150 provides:

"(a) Neither this act nor Acts 1976, P.L. 148 affects:
(1) rights or liabilities accrued;
(2) penalties incurred; or
(3) proceedings begun;
before October 1, 1977. Those rights, liabilities, and proceedings are continued, and penalties shall be imposed and enforced as if this act and Acts 1976, P.L. 148 had not been enacted.
(b) An offense committed before October 1, 1977, under a law repealed by Acts 1976, P.L. 148 shall be prosecuted and remains punishable under the repealed law.

(1978), Ind.App., 383 N.E.2d 428, the defendant committed a first degree burglary before October 1, 1977 but was tried after October 1, 1977 and sentenced according to the seemingly ameliorative provisions of the new code. Judge Chipman determined that § 35–50–2–5 was not intended to be ameliorative and ordered that the defendant be resentenced under IC 35–13–4–4. The key factor is that the maximum duration of the penalty is the same under either statute.

Denial of post-conviction relief is affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.

(c) Notwithstanding subsections (a) and (b) of this SECTION, a defense available under IC 35–41–3 is available to any defendant tried or retried after September 30, 1977."