Kenneth L. WILLIS,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9001–CR–16.[1]

Court of Appeals of Indiana,
First District.

March 12, 1991.

---

1. This case was reassigned to this office on January 29, 1991.

Kenneth L. Willis, Pendleton, pro se.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Kenneth L. Willis, pro se, appeals the trial court's denial of two motions: 1) a motion for a modification of sentence, and 2) a motion to correct an erroneous sentence. We affirm in part and reverse in part.

## ISSUES

1. Whether Willis was ineligible to petition for sentence modification.

2. Whether the trial court erroneously enhanced Willis' sentence based upon an improper aggravating factor.

2. The YCA has been repealed by the Comprehensive Crime Control Act of 1984, Pub.L. No.

## FACTS

On February 9, 1985, Willis was convicted after a jury trial of Robbery, as a class B felony, and conspiracy to commit Robbery, a class B felony. These convictions arose out of a 1984 armed bank robbery. On February 27, 1985, he was given the most severe sentence authorized by law, two enhanced twenty (20) year sentences to be served consecutively for a total of forty (40) years. On May 14, 1987, our supreme court remanded to the trial court to make a *nunc pro tunc* entry stating its reasons for aggravating the sentences. The trial court complied by entering its *nunc pro tunc* entry on July 8, 1987. On July 28, 1987, our supreme court affirmed Willis' convictions including the sentencing order. *Willis v. State* (1987), Ind., 510 N.E.2d 1354, *cert. denied,* 484 U.S. 1015, 108 S.Ct. 721, 98 L.Ed.2d 670, *habeas corpus dismissed,* (S.D.Ind.1990), 747 F.Supp. 1305.

Willis filed his pro se motion for a modification of sentence on February 28, 1989. The trial court denied this motion ruling that Willis was "not eligible" for a modification of sentence.

On October 13, 1989, Willis filed his pro se motion to correct an erroneous sentence alleging the trial court erroneously relied on one of his previous convictions, a federal conviction for attempted bank robbery which had been set aside by the Federal Youth Corrections Act [YCA], 18 U.S.C. 5005 et seq.[2] The trial court denied this motion.

## DISCUSSION AND DECISION

*Issue One*

■ Willis argues he was eligible under IND.CODE § 35–38–1–17(b) for sentence modification even though his petition was filed more than 180 days after sentencing. He contends the current version of the statute permits him to so petition although the version of the statute in effect at the time of his sentencing limited the time in which sentence modification could take place to a period within 180 days of sen-

98–473, Title II, § 218(a)(8), 98 Stat. 1837, 2027 (1984).

tencing. The trial court ruled him ineligible to seek modification.

■ While we recognize the general rule that the law in effect when the crime was committed controls sentencing, *Watford v. State* (1979), 270 Ind. 262, 384 N.E.2d 1030; *Holsclaw v. State* (1979), 270 Ind. 256, 384 N.E.2d 1026; *Terrell v. State* (1979), 180 Ind.App. 634, 390 N.E.2d 208, that rule is not applicable to Willis's petition for modification of sentence. In *Watford, Holsclaw,* and *Terrell,* the defendants sought sentencing under more lenient sentences provided for in statutes enacted after the commission of their offenses, and after their trial and sentence. In those cases, the courts properly applied the general rule. Here, however, no question of sentence is involved. Rather, Willis merely sought to petition for modification of his sentence under provisions of a later enacted statute which enlarged the time in which he could so petition. In our view, the statute under which he sought relief was procedural, not substantive, was ameliorative, and he was not foreclosed from using that statute.

In *State v. Crocker* (1979), 270 Ind. 377, 385 N.E.2d 1143, our supreme court dealt with the question of whether a defendant could petition for reduction of his sentence under a modification to the statute enacted after his sentencing. At the time of sentencing in *Crocker,* IND.CODE § 35–7–1–1 permitted the trial court to suspend the remainder of a sentence anytime within six months of the time sentence was imposed. Subsequently, the statute was amended to permit the court to reduce or suspend within the six month period. In sustaining the State's appeal, the court noted the old statute did not authorize the sentencing court to reduce the sentence as allowed by the new statute. The court found the general rule applicable, particularly because no retroactive provision was found in the new statute.

We believe *Crocker* to be distinguishable from this case. In *Crocker,* there was a substantive change because the new statute gave the sentencing court new powers, that is, the power to reduce as well as suspend the remainder of the sentence.

No such substantive change is involved here. At the time of sentencing IND. CODE § 35–38–1–17(b) permitted the sentencing court to modify a sentence, either by reduction or suspension, at any time within 180 days of sentencing. The amendment effective June 1, 1985, did not make any changes in the sentencing court's power over the sentence, but merely permitted, under certain circumstances, the sentencing court to consider sentence modification of the same kind more than 180 days after sentencing.

This is not the kind of change as in *Crocker.* Therefore, it is our opinion that Willis was eligible to petition for sentence modification under the later amended version of the statute. Consequently, the decision of the trial court here insofar as it denied Willis's petition on the ground he was not eligible for sentence modification is in error. This is not to say Willis was entitled to have his sentence modified, or to pass judgment upon the merits of his petition for modification, but only to say he was not ineligible to so petition the sentencing court.

Therefore, the trial court erred in its determination that Willis was not eligible to petition for modification of his sentence, and we reverse on that issue and remand to the trial court to consider Willis' petition for sentence modification.

*Issue Two*

■ Willis claims the trial court erred by sentencing him to enhanced consecutive terms of imprisonment based upon an improper aggravating factor. Willis asserts the trial court erroneously used Willis's 1977 federal bank robbery conviction which was set aside pursuant to the Federal Youth Correctional Act, 18 U.S.C. 5005 et seq. [YCA], as an aggravating factor.

We have examined the trial court's above-mentioned *nunc pro tunc* order that contains the statement of aggravating factors relied on by the trial court for sentencing. We do not believe the trial court relied on the 1977 federal bank robbery conviction.

However, even assuming *arguendo* that the trial court relied on the conviction in question, Willis is not entitled to relief. Although the YCA permits a judge to set aside a conviction, it does not provide for the expunction of a court record. *United States v. Gardner* (7th Cir.1988), 860 F.2d 1391, *cert. denied* 490 U.S. 1023, 109 S.Ct. 1751, 104 L.Ed.2d 187. The record of a conviction set aside under the YCA may be considered by a trial court in determining an appropriate sentence. *Id.* Therefore, we find no error on this issue and affirm the trial court on that issue.

Judgment affirmed as to the second issue and reversed as to the first issue and cause remanded to the trial court to consider the petition for modification of sentence.

SHIELDS, J., concurs.

ROBERTSON, J., dissents with separate opinion.

ROBERTSON, Judge, dissenting.

I respectfully dissent to that portion of the majority opinion which holds that Willis was eligible for sentence modification under IND.CODE 35–38–1–17(b), based upon my belief that the sentencing provisions in effect at the time of sentencing are controlling.

The law in this area is very well settled. The majority has correctly set out the general rule that the law in effect when the crime was committed controls sentencing citing, *Watford v. State* (1979), 270 Ind. 262, 384 N.E.2d 1030; *Holsclaw v. State* (1979), 270 Ind. 256, 384 N.E.2d 1026; *Terrell v. State* (1979), 180 Ind.App. 634, 390 N.E.2d 208. However, the majority has failed to set out the exception to the general rule as defined and applied in the above cases—the very exception that Willis has successfully availed himself of in the present case. An exception which, however, is inapplicable in the present case.

The entire well-settled law—including the exception—may be stated as follows. The general rule of sentencing is that the law in effect when the crime was committed is controlling. *Terrell, id.* An exception to that rule is recognized when the legislature has enacted an ameliorative amendment *after* the commission of a crime but *before* the defendant's sentencing. *Id.* The rationale behind limiting the exception to those cases where the law has been changed *before* the defendant's sentencing is to protect the finality of judgments. *Watford, supra.* Our supreme court has declined to expand the exception to those cases where a defendant has been sentenced *before* the effective date of a statute which contains ameliorative provisions. *Id.; Holsclaw, supra; Terrell, supra.* Our supreme court has held that a defendant in such a situation may not take advantage of the ameliorative provisions absent specific legislative intent for retroactive application. *Id.*

Willis was sentenced on February 27, 1985, a date *before* the effective date, June 1, 1985, of the statutory amendment in question, IND.CODE 35–38–1–17(b). I believe the law is clear that a defendant may not take advantage of an ameliorative legislative amendment effective *after* he is sentenced. Therefore, I dissent.