

**FILED**

Apr 30 2015, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Heath Y. Johnson
Johnson & Gray
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mitchell Swallows, <br><br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br><br> *Appellee-Plaintiff*. | April 30, 2015 <br><br> Court of Appeals Case No. <br> 03A05-1412-CR-549 <br><br> Appeal from the <br> Bartholomew Circuit Court <br><br> The Honorable Stephen R. Heimann, <br> Judge <br><br> Cause No. 85-CF-247 |

**Kirsch, Judge.**

[1]     Mitchell Swallows appeals the trial court's denial of his petition to modify his sentence, contending that the trial court erred in finding that the revised modification statute, which became effective July 1, 2014, did not apply to his sentence.

[2] We affirm.[1]

# Facts and Procedural History

[3] In 1985, the State charged Swallows with two counts of attempted murder, four counts of criminal confinement, one count of attempted criminal deviate conduct, and one count of rape. A jury found him guilty of all charges, and on December 18, 1989, the trial court sentenced him to an aggregate sentence of 100 years.

[4] On October 1, 2014, Swallows filed a petition for reduction of sentence, and the prosecutor filed an objection to the petition. The trial court denied Swallows's petition on November 5, 2014, with the following reasoning:

> 1. The defendant was sentenced on December 18, 1989.
>
> 2. Indiana Code 35-38-1-17(b) provides: "If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence . . . , the Court may reduce . . . the sentence, **subject to the approval of the prosecuting attorney**."
>
> 3. The prosecuting attorney has objected to the request. Therefore, the Court has no authority to modify the sentence since more than three hundred and sixty-five (365) days have elapsed since the defendant began serving the sentence.
>
> 4. Effective July 1, 2014, the criminal code was revised regarding whether a sentence modification request is subject to the approval of

---

[1] In its brief, the State notes that Appellant's Appendix "includes only a copy of the CCS, the notice of appeal with the trial court's order attached, and the notice of completion of the clerk's record. It does not include any documents related to the underlying case, such as the original sentencing order, which would normally be necessary for review of the denial of a motion to modify a sentence. However, because Swallows only asks this Court to review the narrow legal question of whether the amended statute applies to him and does not ask this court to reduce his sentence, the State did not seek to compel the filing of a conforming appendix." *Appellee's Br.* at 1-2 n.1. We agree with the State's assessment.

> the prosecuting attorney. This Court finds that a sentence imposed prior to July 1, 2014 is still subject to the approval of the prosecuting attorney.
>
> . . . .
>
> IT IS THEREFORE ORDERED that the <u>Petition for Reduction of Sentence</u> is denied. This is a final order. . . .

*Appellant's Br.* at 11 (emphasis in original). Swallows now appeals.

## Discussion and Decision

[5] Swallows contends that the trial court erred by concluding that the revised sentence modification statute that became effective July 1, 2014, does not apply to his sentence. Essentially, Swallows is asking this court to reverse the denial of his petition for modification because the trial court erroneously determined it did not have authority under the current version of Indiana Code section 35-38-1-17.

[6] We review a trial court's denial of a petition to modify a sentence only for abuse of discretion. *Hobbs v. State*, 26 N.E.3d 983, 985 (Ind. Ct. App. 2015). If the ruling rests on a question of law, however, we review the matter de novo. *State v. Holloway*, 980 N.E.2d 331, 334 (Ind. Ct. App. 2012). Matters of statutory interpretation present pure questions of law. *State v. Brunner*, 947 N.E.2d 411, 416 (Ind. 2011) (citing *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010)).

[7] The first step in interpreting a statute is to determine whether the legislature has spoken clearly and unambiguously on the point in question. *City of Carmel v. Steele,* 865 N.E.2d 612, 618 (Ind. 2007). "When a statute is clear and

unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense." *Id*. "However, when a statute is susceptible to more than one interpretation it is deemed ambiguous and, thus, open to judicial construction. And when faced with an ambiguous statute, other well-established rules of statutory construction are applicable." *Id*. "One such rule is that our primary goal of statutory construction is to determine, give effect to, and implement the intent of the Legislature." *Id*. "To effectuate legislative intent, we . . . examine the statute as a whole. And we do not presume that the Legislature intended language used in a statute to be applied illogically or to bring about an unjust or absurd result." *Id*.

[8]     Indiana Code section 35-38-1-17 addresses the reduction or suspension of a sentence. Prior to July 1, 2014, that statute provided that a trial court lost jurisdiction to modify a defendant's sentence after 365 days unless the prosecuting attorney consented to the modification.[2] In pertinent part, it provided:

> (b) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, *subject to the approval of the prosecuting attorney*. . . .

---

[2] Swallows committed his crimes in 1985. At that time, Indiana Code section 35-38-1-17 allowed a trial court to reduce or suspend a sentence only during the first 180 days after the defendant began serving his sentence. Nevertheless, we refer to the 365 day window because that is the time frame used by the trial court and both parties, and under the facts of this case, the distinction between 180 days and 365 days is not relevant.

Ind. Code § 35-38-1-17(b) (2013) (emphasis added).

[9] Applying that statute to Swallows's modification request is simple: the prosecuting attorney did not approve, so the trial court could not modify his sentence. However, Swallows contends he is entitled to the benefit of the revised sentence modification statute, which was part of an overhaul of our criminal code pursuant to P.L. 158–2013 and P.L. 168–2014. This revision resulted in, among other things, the elimination of the prosecutor's veto regarding a petition for sentence modification. Indiana Code section 35-38-1-17, which became effective July 1, 2014, now provides:

> (c) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence, the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.

*See* Ind. Code § 35-38-1-17(c) (2014); *see also* Ind. P.L. 168-2014, § 58 (effective July 1, 2014); Ind. P.L. 158-2013, § 396 (effective July 1, 2014). As part of the overhaul, the Legislature included a saving clause stating, "A SECTION of P.L.158-2013 or P.L.168-2014 does not affect: (1) penalties incurred; (2) crimes committed; or (3) proceedings begun; before [July 1, 2014]. Those penalties, crimes, and proceedings continue and shall be imposed and enforced under prior law as if that SECTION of P.L.158-2013 or P.L.168-2014 had not been enacted." *Hobbs*, 26 N.E.3d at 985 (citing Ind. Code § 1-1-5.5-21 (a)).

[10] Our decision is governed by this court's reasoning in *Hobbs*. Hobbs was convicted in 2006 for offenses he committed in 2005. *Id*. at 984-85. The trial

court sentenced him to an aggregate sentence of twenty-three years. *Id*. at 985. Hobbs's convictions and sentence were affirmed on appeal. *Id*. Thereafter, he petitioned for post-conviction relief. The post-conviction court's denial of his petition was affirmed on appeal. *Id*. Finally, on July 23, 2014, Hobbs filed a petition for modification of his sentence pursuant to Indiana Code section 35-38-1-17(c) (2014). *Id*. Our court denied Hobbs's petition on the basis that the revised version of that statute did not apply to him. The *Hobbs* Court reasoned:

> [Indiana Code section 35-38-1-17(c)] became effective July 1, 2014, as part of the General Assembly's overhaul of our criminal code pursuant to P.L. 158-2013 and P.L. 168-2014. It was not in effect at the time Hobbs committed his offense against L.M.; rather, the law in effect at that time stated in relevant part: "If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, *subject to the approval of the prosecuting attorney*." I.C. § 35-38-1-17(b) (2005) (emphasis added); *see also Harris v. State*, 897 N.E.2d 927, 928-29 (Ind. 2008) ("The sentencing statute in effect at the time a crime is committed governs the sentence for that crime.").
>
> Despite Hobbs'[s] assertions to the contrary on appeal, there is no question that the current version of Indiana Code Section 35-38-1-17 does not apply to him. I.C. § 1-1-5.5-21 ("The general assembly does not intend the doctrine of amelioration ... to apply to any SECTION of P.L. 158-2013 or P.L. 168-2014"); *see also Marley v. State*, 17 N.E.3d 335, 340 (Ind. Ct. App. 2014) ("It is abundantly clear ... that the General Assembly intended the new criminal code to have no effect on criminal proceedings for offenses committed prior to the enactment of the new code."), *trans. denied*. Hobbs'[s] arguments to the contrary are without merit.

26 N.E.3d at 985-86.

Noting the plain meaning of the savings clause, and following the intent of the Legislature and our court's reasoning in *Hobbs*, we conclude that the current version of Indiana Code section 35-38-1-17, which became effective July 1, 2014, does not apply to Swallows's petition to modify a sentence that he began serving in 1989. The trial court did not err in denying Swallows's petition to modify his sentence.

Affirmed.

Vaidik, C.J., and Bradford, J., concur.