Robert L. VICORY, Jr., Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 879S233.

Supreme Court of Indiana.

March 12, 1980.

Harriette Bailey Conn, Public Defender, James G. Holland, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Petitioner, Robert L. Vicory, Jr., was convicted by a jury of kidnapping, Burns Ind. Stat.Ann. § 10–2901 (1956 Repl.), Ind.Code § 35–1–55–1 (Burns Supp.1973), and rape, Burns Ind.Stat.Ann. § 10–4201 (1956 Repl.), Ind.Code § 35–13–4–3 (Burns Supp.1973), and sentenced to life imprisonment and two to twenty-one years' imprisonment respectively on March 1, 1973. In his petition for post-conviction relief, petitioner argues that

he is now entitled to sentencing under the ameliorative provisions of the new criminal code which became effective on October 1, 1977. The petition was denied by the Vigo Superior Court, Division Three, and petitioner appeals under Ind.R.P.C. 1, § 7.

Petitioner claims that both of these crimes today would be class B felonies and therefore punishable by imprisonment from six to twenty years depending on the relative presence of mitigating or aggravating circumstances. Ind.Code § 35–50–2–5 (Burns 1979 Repl.). We are not certain that the class B felony provisions would be applicable if defendant were sentenced under the new criminal code because we do not have the facts brought out in his original trial in the record before us. In his amended petition for post-conviction relief, petitioner points out that the kidnapping charge involved the use of a deadly weapon; to wit: a gun. This would apparently constitute the crime of class B criminal confinement. Ind.Code § 35–42–3–3 (Burns 1979 Repl.). However, the same factor would constitute rape, a class A felony, Ind.Code § 35–42–4–1(a) (Burns 1979 Repl.). There is still a crime of kidnapping under certain circumstances and that crime is a class A felony. Ind.Code § 35–42–3–2 (Burns 1979 Repl.). We will assume *arguendo* that the crimes would be class B felonies under present law and, if sentenced under present law, petitioner would receive a lesser sentence than he received in 1973, at least for the kidnapping charge.

Petitioner presents two new questions of law to this Court.

I.

In the past, defendants who have claimed that they should be sentenced under the new code have couched their arguments in terms of legislative intent and the so-called "doctrine of amelioration." *Lynk v. State,* (1979) Ind., 393 N.E.2d 751; *Parks v. State,* (1979) Ind., 389 N.E.2d 286; *State v. Palmer,* (1979) Ind., 386 N.E.2d 946; *Holsclaw v. State,* (1979) Ind., 384 N.E.2d 1026; *Wat-*

*ford v. State,* (1979) Ind., 384 N.E.2d 1030; *Rogers v. State,* (1979) Ind., 383 N.E.2d 1035. In those cases this Court held that the "doctrine of amelioration" does not apply where the legislature in a specific saving clause expressly states an intention that crimes committed before the effective date of the ameliorative amendment should be prosecuted under prior law. E. g. Acts 1977, P.L. 340, § 150, p. 1611 and Acts 1969, ch. 95, § 2, p. 214–5 [see *Davis v. State,* (1979) Ind., 395 N.E.2d 232]. Petitioner argues that a legislative enactment evidencing intent to deny retroactive application of ameliorative penal provisions violates Ind. Const. Art. 1, § 18. Petitioner contends that distinguishing among defendants solely because of the date on which they committed their crimes does not serve the constitutional purpose of reformation, but is in fact impermissible vindictive justice—an argument which, unfortunately, the state ignores in this appeal.

The Court of Appeals has touched on this question. In *Dowdell v. State,* (1975) 166 Ind.App. 395, 336 N.E.2d 699, Judge Staton wrote:

"If the legislature had enacted an ameliorative amendment, the application of which would be constitutionally permissible to persons who had committed the crime prior to its effective date, we would be willing to find a statement of legislative intent to apply the sentencing provisions of that ameliorative statute to all persons to whom such application would be possible and constitutional. Article I, Section 18, of the Indiana Constitution provides: 'The penal code shall be founded on the principles of reformation, and not of vindictive justice.' If there is an express statement by the legislature that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the proscribed act, then to hold that the more severe penalty should apply would serve no purpose other than to satisfy a constitutionally impermissible desire for vindic-

tive justice. We could not ascribe to the legislature an intent to punish for vindictive purposes." 166 Ind.App. at 401–2 n. 8, 336 N.E.2d at 702 n. 8.

See also *Davis v. State*, (1979) Ind., 395 N.E.2d 232; *Maynard v. State*, (1977) Ind. App., 367 N.E.2d 5; *Wolfe v. State*, (1977) Ind.App., 362 N.E.2d 188.

Here the legislature did not expressly state that the former punishment was too severe. The old crimes and penalties were expressly "saved" in Acts 1977, P.L. 340, § 150, p. 1611. Petitioner argues that the legislature's insistence that persons convicted under prior law serve life sentences constitutes constitutionally impermissible vindictive justice in light of the lesser sentences provided under current law.

In revamping Indiana's entire criminal code in 1977, the legislature created several classifications of criminal conduct which were theretofore nonexistent. The legislature broke down kidnapping and criminal confinement into four categories, each calling for a different sentence. The possible sentences range from two to fifty years depending upon the circumstances of the crime. Ind.Code §§ 35–50–2–4 through 7 (Burns 1979 Repl.). The code revision serves the purpose of reformation. It calls for tailoring sentences to an individual's needs and the nature of his crime.

Kidnapping had not always been punished by life imprisonment. Since the Indiana Constitution of 1851, the kidnapping statutes have undergone considerable revision. Kidnapping was initially punishable by a fine of from $100 to $5,000 and imprisonment for not less than two nor more than fourteen years. 2 Rev.Stat. of Ind., Part Third, ch. 5, § 13, p. 400 (1852). In 1881, the crime of child stealing was added, carrying a penalty of from $50 to $1,000 fine and two to fourteen years' imprisonment. Rev.Stat. of Indiana, § 1916 (1881). In 1901 the legislature added the crime of kidnapping for ransom and provided for a life sentence or any determinate period of imprisonment not less than ten years. Burns Ann.Ind.

Stat. § 1989a (1901). That statute was later amended to provide for imprisonment for not less than ten nor more than twenty-one years, Burns Ann.Ind.Stat. § 2003 (1905), but the sentence was changed to life imprisonment only in 1907. Burns Ann.Ind. Stat. § 2249 (1908).

The crimes of kidnapping, child stealing and kidnapping for ransom coexisted on the statute books through the 1926 compilation. Burns Ann.Ind.Stat. §§ 2426–28 (Watson's Rev.1926). In 1929 these crimes were consolidated into one crime of kidnapping carrying a life sentence. Burns Ann.Ind. Stat. § 2426 (Watson's Rev.1929 Supp.).

The legislature acts from the lessons of history and experience. Revision of laws is often a slow process. A single sentence for the crime of kidnapping was deemed adequate for forty-eight years. But the needs of justice are not static. In 1977 the legislature revised not just the sentences for kidnapping, but the sentences for all crimes. Many crimes were redefined. Kidnapping for ransom was reenacted as a class A felony. More modern problems were addressed by the addition of the crimes of kidnapping while hijacking a vehicle, in the escape from lawful detention and hostage taking, all class A felonies. Ind.Code § 35–42–3–2 (Burns 1979 Repl.). Child stealing was reenacted as a class C felony. Ind.Code § 35–42–3–3 (Burns 1979 Repl.).

█ A statute must be viewed in its historical context. A statutory scheme which serves the purpose of reformation in 1929 or even 1973 may not be deemed adequate in 1977. The public policy decisions are made in light of current developments: crime statistics, new theories of criminal reformation, prison populations and court dockets. Turbulent times are likely to bring about criminal code revisions. The adoption of a new system as a better means of serving the constitutional purpose of our penal system does not mean that prior law did not serve that purpose. Therefore, the application of prior law to those who com-

mitted crimes and were convicted and sentenced under that prior law does not constitute vindictive justice.

A saving clause is an enactment of the legislature and as such is cloaked with the presumption of constitutionality which continues until rebutted. *Sidle v. Majors,* (1976) 264 Ind. 206, 341 N.E.2d 763. Petitioner has failed to rebut the presumption of the constitutional validity of Acts 1977, P.L. 340, § 150, p. 1611 under Ind.Const. Art. 1, § 18.

## II.

Petitioner also urges that the new criminal code's saving clause is in violation of the equal privileges clause of the Indiana Constitution. Ind.Const. Art. 1, § 23. This Court has stated:

"a classification, to be valid, must be based on substantial distinctions which make one class so different from another as to suggest the necessity for different legislation with respect thereto." *Davis Construction Co. v. Board of Commissioners,* (1921) 192 Ind. 144, 150, 132 N.E. 629, 631.

Although petitioner does not set forth an equal protection claim under U.S.Const. Amend. XIV, we note that the same standard of review would apply:

"It is unnecessary to say that the 'equal protection of the laws' required by the Fourteenth Amendment does not prevent the states from resorting to classification for the purposes of legislation. Numerous and familiar decisions of this court establish that they have a wide range of discretion in that regard. But the classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *Royster Guano Co. v. Virginia,* (1920) 253 U.S. 412, 415, 40 S.Ct. 560, 561-2, 64 L.Ed. 989, 990-1.

Petitioner asserts that this saving clause, as construed by this Court, distinguishes between those convicted prior to October 1, 1977, and those convicted after that date. But the classification goes deeper than that, imposing different sanctions on those who violate different laws.

Petitioner claims that strict equal protection scrutiny should apply in this case. He argues that since the "fundamental right to liberty" is involved, the classification must further a compelling state interest and there must be a necessary relation between the classification and that interest. We do not agree. A convicted felon's "right to liberty" has been substantially curtailed through the due process afforded by a jury trial. We will look for a fair and substantial relationship between the classification and the object of the legislation.

First, as a practical matter, a legislature would not likely want to burden the courts with massive sentence reviews. More to the point, there is a real and rational distinction to be made among those who violate these different statutes.

"The certainty of punishment has always been considered one of the strongest deterrents to crime. That certainty is best afforded when the punishment described by the law existent at the time of commission of the crime is promptly and inexorably meted out to those who violate the law. By changing the rules to make punishment uncertain the risk assumed by those contemplating committing a crime is substantially reduced." *In re Estrada,* (1965) 63 Cal.2d 740, 753, 48 Cal. Rptr. 172, 180-1, 408 P.2d 948, 956-7 [Burke, J., dissenting].

A severe sentence is presumably more of a deterrent than a lesser sentence. Those who are not deterred by the more severe penalty exhibit greater depravity and should not reap the benefits of the subsequent reclassification.

For the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.