

FILED

Apr 08 2015, 10:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bruce Schaadt,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 8, 2015

Court of Appeals Case No.
33A05-1409-CR-428

Appeal from the Henry County Court 2
The Honorable Kit C. Dean Crane, Judge
Cause No. 33C02-1307-FA-39

**Friedlander, Judge.**

[1] Bruce Schaadt was convicted of two counts of class A felony Dealing in Methamphetamine Within 1000 Feet of a Family Housing Complex[1] and one

---

[1] The version of the dealing statute in effect at the time the offense was committed classified the charged offense as a class A felony. Ind. Code Ann. § 35-48-4-1.1 (West, Westlaw 2013). This statute has been substantially revised and in its current form reclassifies this offense as a Level 5 felony. *See* I.C. § 35-48-4-1.1 (West, Westlaw current with all legislation of the 2015 1st Regular Session of the 119th General Assembly effective through February 23, 2015).

count of class D felony Maintaining a Common Nuisance.[2]  The trial court sentenced him to an aggregate term of forty years in prison.  Schaadt challenges his sentence on appeal, raising the following restated issues:

1.  Does the savings clause of the 2014 criminal code revision violate the Equal Privileges and Immunities Clause of the Indiana Constitution?

2.  Is Schaadt's forty-year sentence inappropriate in light of his character and the nature of his offenses?

We affirm.

[2] On April 16 and 17, 2013, a confidential informant (CI) working with the Henry County Drug Task Force bought methamphetamine in two separate controlled buys from Schaadt and his girlfriend, Jessica Rinehart.  The buys took place at the New Castle Inn, in a room where Schaadt and Rinehart were staying.  The female CI contacted Rinehart to arrange the buys before arriving at the motel.  Although the CI handed the buy money to Rinehart each time, Rinehart immediately turned it over to Schaadt.  Moreover, in each exchange, Schaadt retrieved methamphetamine from a bag and gave it to Rinehart, who then handed it to the CI.  The first buy involved .38 grams of methamphetamine and the second was .13 grams.

[3] On July 26, 2013, the State charged Schaadt with two counts of dealing in methamphetamine within 1000 feet of a family housing complex, a class A felony, and one count of maintaining a common nuisance, a class D felony.

---

[2] I.C. § 35-48-4-13(b) (2013).  Under the revised statute, the offense has been reclassified as a Level 6 felony. I.C. § 35-48-4-13(b) (West, Westlaw current with all legislation of the 2015 1st Regular Session of the 119th General Assembly effective through February 23, 2015).

Following a jury trial, which concluded on July 31, 2014, Schaadt was found guilty as charged. The trial court subsequently sentenced him to concurrent terms of forty years for each class A felony and three years for the class D felony. Schaadt appeals his sentence.

1.

[4] Schaadt initially mounts a constitutional challenge, claiming the savings clause of the 2014 criminal code revision violates the Equal Privileges and Immunities Clause, article 1, section 23 of the Indiana Constitution.[3] Specifically, he observes that under the revised criminal code, his dealing conviction would constitute a Level 5 offense subject to a maximum prison term of six years. *See* Ind. Code Ann. § 35-50-2-6(b) (West, Westlaw current with all legislation of the 2015 1st Regular Session of the 119th General Assembly effective through February 23, 2015). He argues that the ameliorative sentencing provisions should apply retroactively to defendants who had not yet been convicted and sentenced when the revision took effect on July 1, 2014.

[5] After the commission of Schaadt's offense but while his case was still pending, an overhaul of our criminal code went into effect pursuant to P.L. 158-2013 and P.L. 168-2014. This revision resulted in, among other things, a drastic reduction of the sentencing ranges for most drug offenses. The General Assembly, however, made it abundantly clear that the new criminal code was

---

[3] The State argues that Schaadt waived this issue by failing to raise the constitutional challenge below. We choose to exercise our discretion and address the constitutional claim on the merits. *See Plank v. Cmty. Hosp. of Ind., Inc.,* 4 N.E.3d 797 (Ind. Ct. App. 2014).

not intended to have any effect on criminal proceedings for offenses committed prior its enactment. *Marley v. State*, 17 N.E.3d 335 (Ind. Ct. App. 2014), *trans. denied*. In this regard, the General Assembly enacted the following specific savings clause:

> (a) A SECTION of P.L.158-2013 or P.L.168-2014 does not affect:
>> (1) penalties incurred;
>> (2) crimes committed; or
>> (3) proceedings begun;
>
> before the effective date of that SECTION of P.L.158-2013 or P.L.168-2014. Those penalties, crimes, and proceedings continue and shall be imposed and enforced under prior law as if that SECTION of P.L.158-2013 or P.L.168-2014 had not been enacted.
>
> (b) The general assembly does not intend the doctrine of amelioration (see Vicory v. State, 400 N.E.2d 1380 (Ind. 1980)) to apply to any SECTION of P.L.158-2013 or P.L.168-2014.

[6] Ind. Code Ann. § 1-1-5.5-21 (West, Westlaw current with all legislation of the 2015 1st Regular Session of the 119th General Assembly effective through February 23, 2015).

[7] Schaadt argues that the savings clause unconstitutionally and arbitrarily creates "two classes of drug offenders: those who committed their offenses before the change in law and those who committed their offenses after the change in law." *Appellant's Brief* at 4. We find nothing arbitrary about the savings clause.

[8] The Indiana Constitution provides that the "General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." Ind. Const. art. 1, § 23.

Our courts have consistently held that "a change in penal statutes which applies only to those who commit their crimes after its effective date does not violate one's equal protection rights." *Rondon v. State*, 711 N.E.2d 506, 513 (Ind. 1999). *See also State v. Alcorn*, 638 N.E.2d 1242 (Ind. 1994); *Vicory v. State*, 400 N.E.2d 1380 (Ind. 1980); *Rivera v. State*, 385 N.E.2d 455 (Ind. Ct. App. 1979). This is so because the "the time of a crime is selected as an act of free will by the offender." *Rondon v. State*, 711 N.E.2d at 513 (quoting *State v. Alcorn*, 638 N.E.2d at 1245). The offender, not the State, chooses which statute applies. *Rondon v. State*, 711 N.E.2d 506. Schaadt has no viable equal privileges and immunities claim. *See id*.

2.

[9] As an alternative argument, Schaadt contends that his sentence is inappropriate in light of the nature of his offenses and his character. He also asks that we take into account the considerable disparity between his sentence and what he would have received under the revised code.

[10] Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. *See Knapp v. State,* 9 N.E.3d 1274 (Ind. 2014). Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State,* 895 N.E.2d 1219 (Ind. 2008). Per App. R. 7(B), we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the

character of the offender." *Inman v. State,* 4 N.E.3d 190, 203 (Ind. 2014) (quoting App. R. 7(B)). "Sentencing review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State,* 972 N.E.2d 864, 876 (Ind. 2012). Schaadt bears the burden on appeal of persuading us that his sentence is inappropriate. *Conley v. State,* 972 N.E.2d 864.

[11] The statutory sentencing range for a class A felony is twenty to fifty years, with an advisory sentence of thirty years. I.C. § 35-50-2-4(a) (West, Westlaw current with all legislation of the 2015 1st Regular Session of the 119th General Assembly effective through February 23, 2015). Thus, Schaadt received an aggravated sentence midway between the advisory and maximum sentence for a class A felony.

[12] As recognized above, the General Assembly intended the new criminal code to have no effect on criminal proceedings for offenses, like Schaadt's, committed prior to July 1, 2014. "We think this is true with regard to considering the appropriateness of a sentence under Appellate Rule 7(B); we are to proceed as if the new criminal code had not been enacted." *Marley v. State*, 17 N.E.3d at 340. Accordingly, we decline Schaadt's invitation to take into consideration the lesser penalties of the new criminal code in addressing the appropriateness of his sentence. Instead, we consider what App. R. 7(B) requires us to consider: the nature of the offense and the character of the offender.

[13] With respect to the nature of the offense, Schaadt claims that his involvement in the drug transactions was minor and that the total amount of

methamphetamine dealt was a small amount. The record does not support Schaadt's claim regarding his role in the transactions. In both instances, he was the one supplying the drugs and ultimately obtaining the money. Regardless, we acknowledge that the nature of Schaadt's offenses were not particularly aggravating and alone might not support the sentence imposed.

[14] Schaadt's character, however, is significantly aggravating. His prior criminal history is extensive with ten misdemeanor convictions (including, OWI, theft, fraud, check deception, and driving offenses), four felony convictions (theft, drug possession, and driving offenses), and a number of probation violations over the last twenty plus years. His convictions span two states and despite serving lengthy sentences, Schaadt has remained generally undeterred in his criminal pursuits when not in prison.

[15] Upon considering the nature of the offense and the character of the offender, we are unable to say that Schaadt's aggregate sentence of forty years for two class A felonies and one class D felony is inappropriate.

[16] Judgment affirmed.

Baker, J., and Najam, J., concur.