

FILED

May 20 2015, 6:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Whittaker,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 20, 2015<br><br>Court of Appeals Case No.<br>84A01-1411-CR-506<br><br>Appeal from the Vigo Superior<br>Court.<br><br>The Honorable David R. Bolk,<br>Judge.<br><br>Cause No. 84D03-1309-FD-2931 |

**Darden, Senior Judge**

## Statement of the Case

[1]     Michael Whittaker appeals his sentence for his conviction of theft, a Class D felony, Indiana Code section 35-43-4-2 (2009), and his adjudication as an habitual offender, Indiana Code section 35-50-2-8 (2005). We affirm.

# Issue

Whittaker presents one issue for our review, which we restate as: whether the savings clause of the 2014 criminal code revision violates the Equal Privileges and Immunities Clause of the Indiana Constitution.

# Facts and Procedural History

In September 2013, the State charged Whittaker with theft and alleged that he was an habitual offender. Whittaker pleaded guilty to the theft charge and admitted being an habitual offender in September 2014. The following month the trial court sentenced Whittaker to 180 days on the theft conviction, enhanced by eighteen months for his admission to being an habitual offender, for an aggregate sentence of two years. It is from this sentence that Whittaker now appeals.

# Discussion and Decision

Whittaker contends that the savings clause of the 2014 criminal code revision violates his rights under the Equal Privileges and Immunities Clause of the Indiana Constitution.[1] Specifically, he argues that the savings clause

---

[1] The State asserts that Whittaker failed to raise this issue before the trial court, and therefore it is waived. However, our Supreme Court has said that "[e]ven though the general rule is that failure to challenge the constitutionality of a statute at trial results in waiver of review on appeal, this Court as well as the Court of Appeals has long exercised its discretion to address the merits of a party's constitutional claim notwithstanding waiver." *Plank v. Cmty. Hosps. of Ind., Inc.*, 981 N.E.2d 49, 53 (Ind. 2013). We exercise our discretion to do so now.

improperly prohibits the ameliorative sentencing statutes of the new criminal code to apply to certain offenders, including himself.

[5] Generally, the sentencing statutes in effect at the time a defendant commits an offense govern the defendant's sentence. *Marley v. State*, 17 N.E.3d 335, 340 (Ind. Ct. App. 2014), *trans denied*. An exception to this general rule is the doctrine of amelioration. The doctrine of amelioration entitles a defendant, who is sentenced after the effective date of a statute providing for more lenient sentencing, to be sentenced pursuant to that statute rather than the sentencing statute in effect at the time of the commission or conviction of the crime. *Id.* However, the doctrine of amelioration does not apply where the legislature expressly states in a specific savings clause an intention that crimes committed before the effective date of the ameliorative amendment should be prosecuted under prior law. *Id.*

[6] At the time Whittaker committed these offenses and was charged, the general crime of theft was a Class D felony, with a sentencing range of six months to three years. *See* Ind. Code §§ 35-43-4-2(a) (2009), 35-50-2-7(a) (2013). On July 1, 2014, while Whittaker's charges were pending, a significant revision of our criminal code went into effect resulting in, among other things, a change in terminology from "Class D felony" to "Level 6 felony" and a reduction of the sentencing range for a Class D/Level 6 felony to a term of six months to two and one-half years. *See* Ind. Code § 35-50-2-7(b) (2014). In addition, the general crime of theft was reduced to a Class A misdemeanor with a maximum sentence of one year. *See* Ind. Code §§ 35-43-4-2(a) (2014), 35-50-3-2 (1977).

At the same time, the General Assembly enacted the following specific savings clause:

> (a) [The new criminal code] does not affect:
>
> (1) penalties incurred;
>
> (2) crimes committed; or
>
> (3) proceedings begun;
>
> before the effective date of [the new criminal code sections]. Those penalties, crimes, and proceedings continue and shall be imposed and enforced under prior law as if [the new criminal code] had not been enacted.
>
> (b) The general assembly does not intend the doctrine of amelioration (see *Vicory v. State*, 400 N.E.2d 1380 (Ind. 1980)) to apply to any SECTION [of the new criminal code].

Ind. Code § 1-1-5.5-21 (2014). Recently, a panel of this Court remarked, "[i]t is abundantly clear from these statutes that the General Assembly intended the new criminal code to have no effect on criminal proceedings for offenses committed prior to the enactment of the new code." *Marley*, 17 N.E.3d at 340.

[7] Whittaker challenges the constitutionality of this savings clause under the Equal Privileges and Immunities Clause of the Indiana Constitution. When the constitutionality of a statute is challenged, we begin with the presumption that the statute is constitutional. *Bennett v. State*, 801 N.E.2d 170, 173 (Ind. Ct. App. 2003). The party challenging the statute labors under a heavy burden to show that it is unconstitutional. *Id.* at 173-74. All reasonable doubts must be resolved in favor of the statute's constitutionality. *Id.* at 174.

[8] The Equal Privileges and Immunities Clause states that "[t]he General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." IND. CONST. art. I, §23. In *Collins v. Day*, our Supreme Court concluded that Section 23 imposes two requirements on statutes that result in disparate treatment to differing classes of people: "First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes. Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated." 644 N.E.2d 72, 80 (Ind. 1994). In determining whether a statute violates Section 23, we accord substantial deference to legislative discretion. *Id.*

[9] Whittaker argues that the savings clause unconstitutionally created two classes of offenders: those who committed their offenses before the new criminal code went into effect on July 1, 2014 but were sentenced after that date and those who committed their offenses after the July 1, 2014 effective date. He maintains that the date of the offense is not reasonably related to any inherent characteristic that distinguishes the two classes.

[10] Five years after establishing the two-step analysis in *Collins*, our Supreme Court again dealt with Section 23 in *Rondon v. State*, 711 N.E.2d 506 (Ind. 1999). There, Rondon's argument failed under the first prong of the *Collins* analysis. However, the court determined that even if Rondon had prevailed under the first prong, his argument would fail under the second prong because

"[a]mendments to a law that are coupled with a savings clause do not create two similarly situated groups of people." *Rondon*, 711 N.E.2d at 513. "'Criminal statutes apply exclusively to one class of people, those who violate the law, and they relate to the specific point in time that a violation occurs.'" *Id.* (quoting *Rivera v. State*, 179 Ind. App. 295, 385 N.E.2d 455, 457 (1979)). Therefore, upon alteration of the criminal law, individuals who subsequently commit an offense are not similarly situated and cannot be equated to those who had previously committed an offense. *Rondon*, 711 N.E.2d at 513. "[T]he time of a crime is selected as an act of free will by the offender," and, thus, it is the criminal, not the State, that chooses which statute applies to his or her offense. *Id.* The court further noted it had previously determined that a change in penal statutes which applies only to those who commit their crimes after its effective date does not violate one's equal protection rights. *Id.* n.7 (citing *State v. Alcorn*, 638 N.E.2d 1242, 1245 (Ind. 1994); *Vicory v. State*, 272 Ind. 683, 400 N.E.2d 1380, 1381-83 (1980)).

[11] Similarly, we need not discuss whether Indiana Code section 1-1-5.5-21 passes the first prong of the *Collins* analysis because it clearly fails on the second prong. Whittaker, in an act of free will, selected his offense date as August 31, 2013, thereby choosing to commit theft as a Class D felony subject to a sentence of six months to three years. *See* Ind. Code §§ 35-43-4-2(a), 35-50-2-7(a). By doing so, he differentiated himself from those offenders who committed the offense of theft after July 1, 2014. Thus, we find that Whittaker is not similarly situated to

those defendants who committed offenses after July 1, 2014, and, therefore, he has no viable equal privileges and immunities claim.

## Conclusion

[12] For the reasons stated, we conclude that the savings clause of the 2014 criminal code revision does not violate the Equal Privileges and Immunities Clause of the Indiana Constitution.

[13] Affirmed.

[14] Vaidik, C.J., and May, J., concur.