## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Aug 11 2015, 10:10 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Levi E. Gross,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

August 11, 2015

Court of Appeals Case No.
34A02-1501-CR-013

Appeal from the Howard Superior
Court 1

Cause No. 34D01-1406-FB-431

The Honorable William C. Menges,
Judge.

**Friedlander, Judge.**

[1] Levi Gross was charged with dealing in methamphetamine, a class B felony (Count I), possession of chemical reagents or precursors with intent to manufacture a controlled substance, a class D felony (Count II), and theft, a

class D felony (Count III). Pursuant to a plea agreement, Count I was dismissed and Gross pleaded guilty to Counts II and III. The court sentenced him to the Department of Correction (DOC) for consecutive three-year terms, resulting in an aggregate sentence of six years. On appeal, Gross contends that his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

[2] The facts as admitted by Gross are that on the morning of June 5, 2014, the town marshal received a tip that Gross and his wife Rebekah were running a methamphetamine lab in their home. Acting on the tip, law enforcement visited the Grosses' residence and Rebekah consented to a search of the premises. The search produced a substantial amount of drug-related evidence. Law enforcement found in the garage, a lithium battery, punctured solvent cans, Prestone starting fluid, a half-empty bottle of drain cleaner, grinder blades with white residue, a gas mask, and two glass smoking devices that tested positive for marijuana. In a shed, officers found a green garden hose and coolers; both items tested positive for ammonia gas. Grow lights, ballasts, fertilizer, plastic potting containers, a marijuana plant, and other marijuana paraphernalia were also in the house.

[3] Mr. Gross arrived during the search. When officers asked Gross about their findings, he said, "Everything here is mine." *Appellant's Appendix* at 92. Gross admitted to acting alone in stealing the anhydrous ammonia from a nearby

farm tank, and requested that law enforcement leave his marijuana grow lights and his book on cultivating marijuana.

[4] On December 17, 2014, Gross pleaded guilty to Counts II and III as set out above. At the sentencing hearing, Gross argued that the trial court should sentence him pursuant to the Probation Department's recommendation.[1] The trial court, however, sentenced Gross to consecutive terms of three years for each count. The court stated, "I will recommend to the [DOC] that the defendant be placed in Therapeutic Community. Upon successful completion of Therapeutic Community the court will reserve the right to modify the defendant's sentence." *Transcript* at 22. On appeal, Gross contends that his six-year aggregate sentence is inappropriate and requests that we sentence him according to the recommendation made by the Probation Department.

[5] "We have the constitutional authority to revise a sentence if, after careful consideration of the trial court's decision, we conclude the sentence is inappropriate in light of the nature of the offense and character of the offender." *Davis v. State*, 971 N.E.2d 719, 725 (Ind. Ct. App. 2012). "Sentencing review under Appellate Rule 7(B) is very deferential to the trial court." *Schaadt v. State*, 30 N.E.3d 1, 4 (Ind. Ct. App. 2015). A defendant has the burden of persuading

---

[1] The Probation Department recommended that Gross be ordered to the DOC for three years- two years executed on in-home detention with appropriate credit time given, and one year suspended to be served on supervised probation. Probation also recommended that Gross attend, complete, and pay for an alcohol and drug program and pay restitution to the victim.

the court that his or her sentence is inappropriate. *Davis v. State,* 971 N.E.2d 719.

[6] Sentences for class D felonies range from six months to three years, with an advisory sentence of one and one-half years. *See* Ind. Code Ann. § 35-50-2-7 (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation). Here, Gross was sentenced to maximum consecutive sentences. To determine whether the sentence is inappropriate, we look at the nature of the offense and Gross's character. Ind. App. R. 7; *Davis v. State*, 971 N.E.2d 719.

[7] We turn first to the nature of the offenses. Gross stole a tank of anhydrous ammonia from a local farmer, which he admittedly planned to sell for $500-$1000 per gallon. At Gross's home, officers found several tools and ingredients commonly used to manufacture methamphetamine. Although Gross received the maximum sentence, the State dismissed Count I, dealing in methamphetamine, which would have potentially subjected Gross to twenty additional years. *See* I.C. § 35-50-2-5 (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation).

[8] With respect to Gross's character we observe, like the trial court, that his criminal history is particularly aggravating. "The significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007).

Gross's actions in the present case are a continuation of a troubling pattern for him. He has one misdemeanor conviction for public intoxication and three felony convictions for possession of methamphetamine, maintaining a common nuisance, and dealing in methamphetamine. Despite past incarceration, probation, and treatment, he has remained undeterred in his criminal drug behavior. Indeed, Gross acknowledged as much during the sentencing hearing:

> I think it is very unfortunate that I, having known better, still decided to make the wrong choices surrounding this matter and in private matters of Rebekah['s] and [my] life. It was very poor in character for me to think that stealing and getting high was going to solve any of our problems. I [realize] that there is no honest living in that type of thinking and behavior.

*Appellant's Appendix* at 72.

The Indiana Appellate Rule 7(b) requires Gross to demonstrate that his sentence is inappropriate in light of both the nature of his offenses and his character. He has not done so; therefore, we conclude that his sentence to consecutive terms of three years for each count is not inappropriate.

Judgment affirmed.

Riley, J., and Brown, J., concur.