## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 04 2015, 8:35 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark A. Thoma
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General

# IN THE
# COURT OF APPEALS OF INDIANA

Charles B. Jones,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 4, 2015

Court of Appeals Case No.
02A03-1505-CR-291

Appeal from the Allen Superior
Court 4

The Honorable John F. Surbeck,
Jr., Judge

Trial Court Cause No.
02D04-1502-F5-32

**Altice, Judge.**

**Case Summary**

[1] Charles B. Jones was convicted of Battery[1] as a Level 5 felony and sentenced to the maximum term of six years.[2] On appeal, Jones argues that his sentence is inappropriate.

[2] We affirm.

### Facts & Procedural History

[3] On February 3, 2015, Dane Hinsey, a confinement officer with the Allen County Sheriff's Department, was on duty monitoring the J-block at the Allen County Jail, which houses inmates who have medical conditions or who are extremely intoxicated or withdrawing from drugs and alcohol. Inmates housed in the J-block have to be observed every hour. Additionally, one time each shift, a jail nurse has to make contact with each inmate housed in the J-block.

[4] At approximately 3:00 p.m. on February 3, Officer Hinsey and Deborah Bolen, a jail nurse, were making rounds through the J-block. When they reached Jones's cell, Nurse Bolen looked through the window on the cell door and observed Jones lying on the bottom bunk, with a blanket pulled up covering his face. Nurse Bolen knocked on the window to Jones's cell twice in an effort to get Jones's attention, but Jones did not respond. At that point, Officer Hinsey knocked on the window and attempted to speak with Jones. According to

---

[1] Ind. Code § 35-42-2-1(b)(1), (f)(5)(A).

[2] Ind. Code § 35-50-2-6(b) ("[a] person who commits a Level 5 felony . . . shall be imprisoned for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years").

Jones, he responded by saying "what." *Transcript* at 192. Officer Hinsey did not hear Jones's response and detected no movement from Jones. Believing that Jones was unresponsive, Officer Hinsey opened the door and entered Jones's cell. Officer Hinsey then used his set of keys to tap against the metal bunk bed, creating a loud "clanking" sound in an effort to get Jones's attention. *Id.* at 110. Jones testified that he heard Officer Hinsey enter his cell, but did not respond. Officer Hinsey then removed the blanket that was covering most of Jones's head, at which point, Jones jumped out of bed "very aggressively," stood face-to-face with Officer Hinsey, and yelled "what the fuck is your problem". *Id.*

[5] Jones then pushed his way past Officer Hinsey as he left his cell and entered the day room for J-block, a larger area just outside the cell. At that time, J-block was on lockdown due to the fact that there was a maintenance person in the cell block repairing a water leak. Officer Hinsey radioed for back-up and then followed Jones into the day room. Jones balled up his fists in a fighting posture and backed away from Officer Hinsey. When Jones refused to comply with Officer Hinsey's direct order to get on the floor, Officer Hinsey attempted to secure Jones. Jones responded by throwing punches at Officer Hinsey and trying to further engage in a fight by grabbing his uniform. Jones eventually grabbed Officer Hinsey around the waist and took him to the ground, causing Officer Hinsey to strike his head on the concrete floor. With assistance from other officers, Officer Hinsey eventually secured Jones.

The State charged Jones with battery on a public safety official as a Level 5 felony. A jury trial was held on April 7, 2015, at the conclusion of which the jury found Jones guilty as charged. The trial court held a sentencing hearing on April 27, 2015. After reviewing the pre-sentence investigation report (PSI) and considering arguments of counsel, the trial court sentenced Jones to six years imprisonment. Jones now appeals, challenging the sentence imposed.

## Discussion & Decision

Jones argues that his six-year executed sentence is inappropriate. Indiana Appellate Rule 7(B) provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *See also Davis v. State,* 971 N.E.2d 719, 725 (Ind. Ct. App. 2012). "Sentencing review under Appellate Rule 7(B) is very deferential to the trial court." *Schaadt v. State,* 30 N.E.3d 1, 4 (Ind. Ct. App. 2015). When reviewing a sentence, our principal role is to leaven the outliers rather than necessarily achieve what is perceived as the correct result. *Cardwell v. State,* 895 N.E.2d 1219, 1225 (Ind. 2008). "We do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State,* 972 N.E.2d 864, 876 (Ind. 2012). Jones bears the burden of persuading the court that his sentence is inappropriate. *See Davis*, 971 N.E.2d at 725.

[8]     We begin by considering the nature of the offense. While incarcerated in the Allen County Jail on another crime, Jones's refusal to respond to the jail nurse and Officer Hinsey escalated into a physical confrontation with Officer Hinsey. Jones, who had readied himself in a fighting stance, threw punches at Officer Hinsey and eventually grabbed Officer Hinsey around the waist and took him to the floor. The nature of the offense shows no restraint by Jones. Rather, Jones acted in a very aggressive manner and with little regard for the safety and well-being of Officer Hinsey, Nurse Bolen, or others present during the altercation. *See Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015) (noting that when considering the nature of the offense, courts can consider whether the offense was accompanied by "restraint, regard, and lack of brutality").

[9]     With regard to his character, Jones acknowledges that at the young age of twenty-four, he has accumulated an extensive criminal history that spans two states. Jones's criminal history includes prior misdemeanor convictions for criminal trespass to land in Cook County, Illinois (2009); criminal trespass to land and two convictions for battery with bodily harm in Cook County, Illinois (2010), and criminal trespass in Allen County, Indiana (2014). Jones has also accumulated a felony conviction for manufacturing or dealing cannabis near a school in Cook County, Illinois (2000). In addition, Jones has several other arrests for criminal trespass, possession of cannabis, manufacturing/dealing cannabis, battery, resisting law enforcement, and domestic battery. Jones's criminal history is not indicative of virtuous character traits that would weigh in his favor in our review of the appropriateness of his sentence. *See id*. (noting

that "substantial virtuous traits or persistent examples of good character" are weighty considerations upon sentence review).

[10] As our Supreme Court recently noted, deference to the trial court "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense . . . and the defendant's character." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Here, Jones has offered no compelling evidence that would lead us to conclude that his sentence is inappropriate. We therefore affirm the six-year executed sentence imposed by the trial court.

[11] Judgment affirmed.

[12] Robb, J., and Barnes, J., concur.