## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 09 2020, 7:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stephen Gerald Gray
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jamal R. Smith, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | September 9, 2020 <br><br> Court of Appeals Case No. 20A-CR-1090 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Alicia A. Gooden, Judge <br><br> Trial Court Cause No. 49G21-1710-F2-42053 |

**Bradford, Chief Judge.**

# Case Summary

In April of 2020, the trial court amended its sentencing order, sentencing Jamal Smith to thirty years of incarceration with two years suspended for his Level 2 felony dealing-in-a-narcotic-drug conviction, and scheduled a jury trial for July 30, 2020, regarding the habitual-offender allegation against Smith. Prior to trial, Smith appealed his sentence, and the trial court cancelled the habitual-offender jury trial. Because we conclude that Smith is not appealing from a final judgment, we dismiss his appeal.

# Facts and Procedural History

On January 28, 2019, following a bench trial, Smith was convicted of Level 2 felony dealing in a narcotic drug, Level 3 felony narcotic-drug possession, and Class B misdemeanor marijuana possession. The trial court also found Smith to be a habitual offender. On March 27, 2019, the trial court sentenced Smith to thirty years of incarceration with ten years suspended for his conviction for dealing in a narcotic drug and enhanced that sentence by twenty years based on its finding that Smith is a habitual offender. The trial court also sentenced Smith to one hundred and eighty days for his marijuana-possession conviction, to be served concurrently with his dealing-in-a-narcotic-drug conviction. On January 28, 2020, we affirmed Smith's convictions but reversed the trial court's habitual-offender finding, after concluding that Smith had not waived his right to a jury trial on the habitual-offender allegation. In doing so, we remanded the case for

the State to decide whether to pursue the habitual-offender enhancement. On April 23, 2020, the Indiana Supreme Court denied transfer.

[3] On April 28, 2020, the trial court vacated the habitual-offender finding and entered an amended-sentencing order, sentencing Smith to thirty years of incarceration with ten years suspended for his Level 2 felony dealing-in-a-narcotic-drug conviction and one hundred and eighty days for his Class B misdemeanor marijuana-possession conviction, to be served concurrently. On April 28, 2020, the trial court again entered an amended-sentencing order, sentencing Smith to thirty years of incarceration with two years suspended for his Level 2 felony dealing-in-a-narcotic-drug conviction. On May 4, 2020, the State notified the trial court that it intended to pursue the habitual-offender allegation against Smith, and the trial court scheduled a jury trial for July 30, 2020. On May 26, 2020, however, Smith initiated this appeal, and, as a result, the trial court cancelled the jury trial.

# Discussion and Decision

[4] Smith contends that the trial court (1) wrongfully denied him a hearing on his revised sentence for his Level 2 felony dealing-in-a-narcotic-drug conviction, (2) imposed a vindictive sentence, and (3) failed to make a record that stated its reasons for imposing a more severe sentence on remand. We conclude, however, that Smith's contentions are not ripe for appellate review. A judgment is final and appealable if "it disposes of all claims as to all parties." Ind. Appellate Rule 2(H)(1). In criminal cases, sentencing is a final judgment. *Terrell*

*v. State*, 390 N.E.2d 208, 209 (Ind. Ct. App. 1979).  In criminal cases where the defendant is alleged to be a habitual offender, "[a] habitual offender finding does not constitute a separate crime nor does it result in a separate sentence[,]" but, rather, "it results in a sentence enhancement imposed upon the conviction of a subsequent felony." *Howard v. State*, 873 N.E.2d 685, 689 (Ind. Ct. App. 2007). Thus, a habitual offender ultimately receives one sentence, consisting "of two components—the sentence for the underlying conviction and the habitual offender enhancement." *Id*. at 690.

[5]     In this matter, the trial court amended Smith's sentence for his Level 2 felony dealing-in-a-narcotic-drug conviction and set the habitual-offender allegation for jury trial on July 30, 2020. While Smith raises numerous arguments regarding the trial court's decision to amend his original sentence for his dealing-in-a-narcotic-drug conviction, those arguments are for another day. Smith's sentence for his dealing-in-a-narcotic-drug conviction is but only one component of his sentence, and until the habitual-offender allegation against him has been disposed of, Smith's sentence is not an appealable final judgment. We therefore dismiss Smith's appeal.

[6]     Appeal dismissed.

Najam, J., and Mathias, J., concur.